IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL RAY HERNANDEZ-LIZARRAGA                                           PLAINTIFF

         v.                    Civil No. 2:23-cv-02068-PKH-MEF

SEBASTIAN COUNTY SHERIFFS/BAILIFFS;
CRR INMATE TASK FORCE;
DET. TRIPLETT;
CRIMINAL OPERATIONS, Fort Smith Police Department; and
DET. NAPIER, Drug Task Force                                             DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Daniel Ray Hernandez-Lizarraga, an inmate at the Sebastian County Detention

Center ("SCDC"),[1] filed the above-captioned *pro se* civil rights action under 42 U.S.C. § 1983.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III,

Senior United States District Judge, referred this case to the undersigned for the purpose of making

a Report and Recommendation.

This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP").

(ECF No. 6).  This matter is now before the Court for preservice review under the Prison Litigation

Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court must screen any complaint in

which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  Upon that review and for the reasons outlined below,

---

[1] Plaintiff identifies himself as a prisoner serving a sentence.  (Amend. Comp. at p. 2, ECF No. 4).
Yet, publicly accessible Arkansas state court records also show pending state court criminal
charges against Plaintiff.  *State v. Hernandez*, 66FCR-23-163 (Ark. 12th Cir. Div. Feb. 21, 2023)
(AOC Public Court Connect) (last accessed June 8, 2023); *see Stutzka v. McCarville*, 420 F.3d
757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).
Plaintiff's status as a prisoner serving a sentence or a pretrial detainee, however, is irrelevant to
the Court's recommendation for dismissal for failure to state a claim.

the undersigned recommends that this matter be dismissed without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915A(b)(1).

## I.     BACKGROUND

Plaintiff's claims are difficult to discern.[2]  As the Court understands it, Plaintiff asserts that while incarcerated at the SCDC, he has been subject to "mental torment" through walkie-talkie communications.  (Amend. Comp. at p. 4, ECF No. 4).  According to Plaintiff, as an inmate at the SCDC, he has also been subject to "mental oppression, inmate neglect, false statements, slander, entrapment, sexual harassment/deviancy, [and] voyeurism."  *Id.* at p. 6.  Plaintiff claims that "he has reason to believe authority figures and informants on the streets or inmate informants have worked together to mentally oppress [him] and slander [his] name through a 'gang stalking' known as a human to human interface device . . .."  *Id.*  Plaintiff contends that this activity has been going on for over six years.  *Id.*  Plaintiff's request for relief includes, among other things, money damages of $6.8 Million, the discharge of all officers involved, recommendation for a Purple Heart, an "expungement of my mental illness," a no-time sentence reduction, and a "Qu-Wave Device – Mind Defense."  *Id.* at p. 9.

---

[2] Upon preliminary review of the original complaint pursuant to 28 U.S.C. § 1915A(a), this Court directed Plaintiff to submit an amended complaint.  (ECF No. 2).  Plaintiff subsequently filed his Amended Complaint on June 1, 2023.  (ECF No. 4).  Plaintiff's Amended Complaint is thus the operative pleading in this action.  Fed. R. Civ. P. 15(a)(1).  The Court therefore reviews the Amended Complaint pursuant to 28 U.S.C. § 1915A(a) without regard to the original complaint. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect.").  Notably, however, Plaintiff's original complaint—which contains similar claims about being subject to mental torment and oppression for the last six years—fares no better than his Amended Complaint.

## II.     LEGAL STANDARD

Under PLRA, the Court is obliged to review the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## III.     DISCUSSION

Plaintiff does not specifically allege any federal cause of action; instead, the Amended Complaint contains general references to constitutional violations.  (Amend. Comp. at p. 4, ECF No. 4).  As such, the Court considers whether Plaintiff has established a plausible claim under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).

Plaintiff names "Sebastian County Sheriffs/Bailiffs," CRR Inmate Task Force, and Criminal Operations, Fort Smith Police Department, as defendants to this action.  (ECF No. 4).

3

As the Court understands it, "Sebastian County Sheriffs/Bailiffs" is a reference to the Sebastian County Sheriff's Department.  Such an entity, however, is not considered a "person" for the purposes of Section 1983.  *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails are not legal entities amenable to suit); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).  Similarly, as the Court understands it, "CRR-Inmate Task Force" is a specific unit within the Sebastian County Sheriff's Department.  (Amend. Comp. at p. 3, ECF No. 4).  As such, it too is not an entity amenable to suit under § 1983.  *See De La Garza*, 18 F. App'x at 437.  Further, Criminal Operations, Fort Smith Police Department, is purportedly a unit within the Fort Smith Police Department.  A police department, however, is also not a "person" for the purposes of § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 84 (8th Cir. 1992).  Accordingly, claims against these three defendants—"Sebastian County Sheriffs/Bailiffs," CRR Inmate Task Force, and Criminal Operations, Fort Smith Police Department—should be dismissed.

This leaves Plaintiff's claims against Det. Triplett and Det. Napier.  Plaintiff identifies these defendants as *federal* agents.  (Amend. Comp. at p. 3, ECF No. 4).  Because they are not *state* actors, any Section 1983 claim against them would necessarily fail.  To the extent that Plaintiff's allegations against these defendants could be construed as so-called *Bivens* claims, such claims also fail as a matter of law.

In *Bivens*, the United States Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against [that] official in federal court despite the absence of any statute conferring such a right."  *Carlson v. Green*, 446 U.S. 14, 18 (1980) (discussing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)).  There is

4

no *Bivens* action against federal employees in their official capacities.  *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).  To establish a *Bivens* claim against an official in his individual capacity, the plaintiff "must ferret out the officials directly responsible for the alleged constitutional violation." *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982).  Here, however, Plaintiff fails to allege what Det. Triplett and Det. Napier specifically did, or did not do, in violation of his constitutional rights.  Accordingly, Plaintiff's claims against Det. Triplett and Det. Napier should also be dismissed.[3]

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 4) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Plaintiff should be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk should be directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

---

[3] In addition to failing to state a claim, the Court also notes that Plaintiff's claims are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (explaining that not all complaints that fail to state a claim are frivolous).  Here, Plaintiff describes, for example, unspecified federal authorities using "syntronic [sic] telepathic electronic device[s] on aviation drones to manipulate or torment fellow citizens of America."  (Amend. Comp. at p. 6, ECF No. 4).  The Court finds that such allegations—which are found throughout Plaintiff's Amended Complaint—"describ[e] fantastic or delusional scenarios" and are therefore clearly baseless. *Neitzke*, 490 U.S. at 327-28.

DATED this 12th day of June 2023.

/s/  *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE